**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**CARMELA BETHLEY** **CIVIL ACTION NO.**

**VERSUS** **22-1022-SDD-EWD**

**CLARENCE MCGEE, ET AL.**

**NOTICE AND ORDER**

This is a civil action involving claims for damages by Carmela Bethley ("Plaintiff") based on the injuries she allegedly sustained in a motor vehicle accident in East Baton Rouge Parish, Louisiana (the "Accident"), when the vehicle in which Plaintiff was a passenger was struck by a vehicle driven by Defendant Clarence McGee ("McGee").[1] On September 30, 2022, Plaintiff filed her Petition for Damages ("Petition") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge against McGee and Allstate Fire and Casualty Insurance Company ("Allstate"), McGee's alleged insurer.[2] On December 15, 2002, the case was removed by Allstate to this Court on the basis of diversity subject matter jurisdiction under 28 U.S.C. § 1332.[3] However, as explained below, the Notice of Removal is deficient regarding the amount in controversy.

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. The Notice of Removal properly alleges that that McGee is a citizen of Georgia, and that Allstate is an Illinois corporation with its principal place of business in Illinois.[4] Although the Notice of Removal alleges that Plaintiff is a domiciliary of Louisiana upon information and belief, the

---

[1] R. Doc. 1-2, ¶¶ 2-3.
[2] R. Doc. 1-2, ¶¶ 1, 4, 6, 11.
[3] R. Doc. 1, ¶¶ 7-9.
[4] R. Doc. 1, ¶¶ 2-4.

statement cites the Petition for Damages, which only says Plaintiff is a resident of Louisiana.[5] "For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."[6] Accordingly, Allstate will be required to file a motion for leave to file an amended notice of removal that adequately alleges Plaintiff's citizenship.

It is also not clear from the Petition or the Notice of Removal whether Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.[7] The Petition generally asserts that Plaintiff suffered "severe physical injuries," including severe cervical, lumbar, and thoracic ligament, muscle and spinal injuries, headaches, bruises and contusions, as well as severe physical and mental pain and distress, "functional and anatomical" disability, loss of enjoyment of life, inability to engage in personal activities, lost wages, and significant medical expenses.[8]

In the Notice of Removal, Allstate primarily relies on Plaintiff's pre-Petition settlement demand for "policy limits," which enclosed approximately three hundred pages of medical records.[9] Allstate also attached the alleged applicable insurance policy to the Notice of Removal, which shows that the bodily injury liability policy limits are $100,000.[10] Allstate also relies on the lack of an La. C.C. P. art. 893 allegation by Plaintiff in the Petition, stating that her claims are less than the federal jurisdictional amount, and the lack of a stipulation by Plaintiff that her damages are less than $75,000.[11] The foregoing does not provide enough information to determine if Plaintiff's claims likely exceed $75,000, exclusive of interest and costs.

---

[5] R. Doc. 1, ¶ 2 and R. Doc. 1-2 (intro).
[6] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[7] *See* 28 U.S.C. §1332(a).
[8] R. Doc. 1-2, ¶¶ 7-10.
[9] R. Doc. 1, ¶¶ 12-13 citing R. Doc. 1-4.
[10] R. Doc. 1, ¶ 11 citing R. Doc. 1-3, and *see* p. 9.
[11] R. Doc. 1, ¶ 14.

While the lack of a La. C.C.P. art 893 statement is entitled to some consideration, it is not, in and of itself, determinative of the amount in controversy.[12] Additionally, while this Court has held that the amount sought in a pre-removal settlement demand letter may be "valuable evidence to indicate the amount in controversy at the time of removal,"[13] the settlement demand letter does not reflect that Plaintiff was aware that the policy limits were $100,000 at the time of the demand.[14] Thus, neither of these grounds establishes that Plaintiff's claims in this case are likely to reach the jurisdictional threshold.

Although not specifically raised by Allstate as support for amount in controversy, Plaintiff's injuries will also be addressed. First, Plaintiff's general allegations in the Petition of generalized spinal injuries, headaches, and bruises for which she has incurred "significant medical expenses,"[15] and boilerplate categories of damages for physical and mental pain and distress, are insufficient to establish the amount in controversy. "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[16] The medical summary and medical records attached to the settlement demand provide more information

---

[12] *See Ford v. State Farm Mut. Auto. Ins. Co.,* No. 08-403, 2009 WL 790150, at *4 (M.D. La. Mar. 25, 2009) (noting: "…all three U.S. District Courts in the State of Louisiana have recognized that the failure to include an Article 893 stipulation alone is insufficient to establish that the jurisdictional minimum is in controversy. *See, Weber v. Stevenson*, 2007 WL 4441261 (M.D.La. 2007) (While the failure to include an allegation in the state court petition that one's damages are less than the federal jurisdictional minimum in accordance with La. C.C.P. art. 893 is entitled to 'some consideration, it is not, in and of itself, determinative of the amount in controversy. A finding that the failure to include the '893' allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable).").

[13] *Leonard v. Sentry Select Ins. Co.,* No. CV 15-675, 2016 WL 1393382, at *3 (M.D. La. Mar. 11, 2016), report and recommendation adopted, No. CV 15-675, 2016 WL 1369397 (M.D. La. Apr. 6, 2016).

[14] R. Doc. 1-4, pp. 1-16.

[15] R. Doc. 1-2, ¶¶ 7-8, 10.

[16] *Davis v. JK & T Wings, Inc*., No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) and cited cases.

regarding Plaintiff's injuries and reflect that she has received treatment for herniated and bulging discs, including therapy, steroid injections, and a branch block scheduled for August 2022.[17] Based on the records, Plaintiff has incurred $18,520 in past medical expenses and is expected to incur $8,235 in future medical expenses for the branch block, for a potential total at the time of removal of $26,755. However, the medical records end in August 2022, and there is no current indication of Plaintiff's prognosis and recommended future treatment, so it is unclear if she received the branch block and/or further treatment. There is also no evidence of past lost wages.[18]

Allstate has not yet met its burden of establishing that the amount in controversy is satisfied.[19] Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically whether the amount in controversy requirement has been met.[20]

Accordingly,

**IT IS ORDERED** that, on or before **January 6, 2023,** Defendant Allstate Fire and Casualty Insurance Company shall file a motion for leave to file an amended notice of removal,

---

[17] R. Doc. 1-4, pp. 2-12 (summary of medical records).

[18] *See* the Petition at R. Doc. 1, ¶ 9. Photographs of the accident indicate significant damage to the vehicles involved, but Plaintiff stated she was a passenger in the vehicle, not the owner. R. Doc. 1-2, ¶ 3 and R. Doc. 1-4, pp. 25-36.

[19] As one court noted, "[i]f the removing defendant does not have facts sufficient to support removal when the original petition is received, it is the removing defendant's responsibility to discover those facts *before* effecting removal. That is precisely why the 'other paper' removal rule exists, to ensure that removals will not be filed 'before their factual basis can be proven [by the removing defendant] by a preponderance of the evidence.'" *Bonvillian v. National Liability & Fire Ins. Co.*, No. 16-1708, 2017 WL 892311, at *3 (W.D. La. Feb. 1, 2017), quoting *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). The Fifth Circuit has repeatedly cautioned against protective removals and has established timing rules that allow a defendant to engage in discovery regarding the amount in controversy before filing a notice of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky*, 288 F.3d at 211. Allstate is advised that requests for jurisdictional discovery regarding the amount in controversy are generally denied as a matter of course. *See, e.g., Hopkins v. Crown Assocs., LLC,* No. 18-595, 2018 WL 8496020, at *8 (M.D. La. Oct. 25, 2018), report and recommendation adopted sub nom., *Hopkins v. Crown Associated, LLC,* No. 18-595, 2019 WL 1199470 (M.D. La. Mar. 14, 2019).

[20] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

with a comprehensive proposed amended notice of removal attached that adequately alleges the citizenship of Plaintiff Carmela Bethley, as set forth in this Notice and Order.

**IT IS FURTHER ORDERED** that on or before **January 13, 2023**, Defendant Allstate Fire and Casualty Insurance Company shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that, on or before **January 27, 2023,** Plaintiff Carmela Bethley shall file either: (1) a Notice stating that Plaintiff does not dispute that Allstate has established the jurisdictional requirements of 28 U.S.C. § 1332, or (2) a Motion to Remand.[21]

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on December 30, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[21] The parties are advised that the Court has an independent obligation to ensure its own subject matter jurisdiction. Notwithstanding the order requiring Plaintiff's position on whether Allstate has established jurisdiction, the parties cannot confer jurisdiction by agreement. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 284 (5th Cir. 2007), citing *In re Tex. Consumer Fin. Corp*., 480 F.2d 1261, 1266 (5th Cir. 1973).